JUDGE ENGELMAYER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 00200

---------------------------------x
RAYMOND DAYAN,

               Plaintiff,

       v.

SKIRT SPORTS, INC.,

               Defendant.

---------------------------------x

Civil Action No.:

COMPLAINT

Trial By Jury Demanded

RECEIVED JAN 12 2015 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Raymond Dayan ("Plaintiff" or "Mr. Dayan"), through his attorneys, complaining of defendant Skirt Sports, Inc. ("Defendant" or "Skirt Sports"), alleges as follows:

## STATEMENT OF THE CASE

1. This is an action for trademark infringement and unfair competition against Skirt Sports' unlawful use of Mr. Dayan's trademarks, or confusingly similar marks, in commerce in connection with the goods it offers for sale and sells.

## JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and the Trademark Act of 1946, 15 U.S.C. § 1121 *et seq.*

3. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367, since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

594675.1

## THE PARTIES

5. Mr. Dayan has an office and principal place of business at 55 West 39th St, Ste. 305, New York, New York 10018.

6. Mr. Dayan's business is operated through licensee Cougar Sport, Inc. ("Cougar Sport") of which Mr. Dayan is President and principal owner. Cougar Sport is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 55 West 39th St, Ste. 305, New York, New York 10018.

7. Upon information and belief, Skirt Sports is a corporation duly organized and existing under the laws of the State of Colorado, having an office and principal place of business at 6205 Lookout Rd., Ste. G, Boulder, CO 80301.

## MR. DAYAN'S ACTIVITIES

8. Mr. Dayan designs, manufacturers, advertises, distributes, offers for sale, and sells distinctive sportswear and active wear through Cougar Sport under the trademarks COUGAR and COUGAR SPORT (collectively and individually, the "COUGAR SPORT Trademark").

9. The COUGAR SPORT Trademark has been in continuous use in commerce by Mr. Dayan and his predecessors in interest since it was first used in 1983 by his father, Joseph Dayan.

10. The term COUGAR SPORT is inherently distinctive as applied to goods in International Class 25.

11. Distinctiveness in the COUGAR SPORT Trademark has been acquired through significant advertising to end users. Mr. Dayan, through Cougar Sport, has continuously invested substantial time, money, and effort into the marketing and development of products under the COUGAR SPORT Trademark, which has become an important asset to Mr. Dayan as it is distinctive of his business. As a result of Mr. Dayan's extensive advertising and marketing of

goods under the COUGAR SPORT Trademark, Cougar Sport has received significant positive recognition from the trade, consumers, and the purchasing public. Copies of photographs of representative actual and authentic advertisements and hangtags displaying the COUGAR SPORT Trademark are attached to this Complaint as Exhibits A and B respectively.

12. Distinctiveness in the COUGAR SPORT Trademark has been acquired through significant sales of goods.

13. The COUGAR SPORT Trademark is the subject of, *inter alia*, the following U.S. Federal Trademark Registrations: (i) No. 4,358,720 for the word mark "COUGAR SPORT", issued on June 25, 2013, for "clothing, namely, tops, bottoms, t-shirts, pants, sweatshirts, sweatpants, shorts" in International Class 25; and (ii) No. 4,335,805 for the design mark composed of four stripes resembling a claw strike above the stylized wording "COUGAR SPORT", issued on May 14, 2013, for "athletic apparel, namely, shirts, pants, jackets, athletic uniforms; clothing for athletic use, namely, padded shorts" in International Class 25 (individually and collectively, the "COUGAR SPORT Registrations"). Copies of the Certificates of Registration for the COUGAR SPORT Registrations are attached to this Complaint as Exhibit C.

14. The term COUGAR in the composite mark COUGAR SPORT is the dominant term in the mark.

15. The term SPORT in the COUGAR SPORT Registrations is disclaimed apart from the mark as shown.

## SKIRT SPORTS' INFRINGING ACTIVITIES

16. Upon information and belief, Skirt Sports operates a boutique at the front of its corporate offices, located at 6205 Lookout Rd., Ste. G, Boulder, CO 80301, which offers for sale and sells sportswear products under the COUGAR SPORT Trademark, or confusingly similar

marks, including but not limited to the Skirt Sports Cougar Skirt (Style #1034) (the "Infringing Product").

17. Upon information and belief, Skirt Sports owns the website http://www.skirtsports.com/, which offers for sale and sells the Infringing Product. A true and correct copy of a webpage from http://www.skirtsports.com/ showing the Infringing Product is attached to this Complaint as Exhibit D.

18. Upon information and belief, Skirt Sports offers for sale and sells the Infringing Product through third-party online retailers, including, *inter alia*, amazon, Zappos, backcountry, and SwimOutlet. True and correct copies of webpages from http://www.amazon.com/, http://www.zappos.com/, http://www.backcountry.com/, and http://www.swimoutlet.com/ showing the Infringing Product are attached to this Complaint as Exhibits E, F, G, and H respectively.

19. Upon information and belief, the Infringing Product has been offered for sale and sold have been made in this judicial district and to customers located in this judicial district.

20. On December 12, 2014, attorneys for Mr. Dayan mailed a letter to Skirt Sports advising that offering for sale and selling the Infringing Product infringed Mr. Dayan's distinctive rights in the COUGAR SPORT Trademark, and demanding that Skirt Sports immediately cease and desist from use of the COUGAR SPORT Trademark and any confusingly similar mark. A true and correct copy of the December 12, 2014 letter is attached to this Complaint as Exhibit H.

21. Skirt Sports failed to respond to the December 12, 2014 letter from Mr. Dayan.

22. On December 22, 2014, attorneys for Mr. Dayan mailed a follow-up letter to Skirt Sports. A true and correct copy of the December 22, 2014 letter is attached to this Complaint as Exhibit I.

594675.1

4

23. Skirt Sports once again failed to respond to the December 22, 2014 letter from Mr. Dayan.

24. Upon information and belief, on or after receipt by Skirt Sports of the December 12, 2014 letter, attached to this Complaint as Exhibit I, Skirt Sports purchased a garment under the COUGAR SPORT Trademark directly from Mr. Dayan's business, Cougar Sport. A true and correct copy of the invoice from Cougar Sport indicating the purchase by a representative of Skirt Sports is attached to this Complaint as Exhibit J.

25. The offer for sale and sale of the Infringing Product without Mr. Dayan's consent is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the Infringing Product is designed, manufactured, advertised, distributed, offered for sale, and sold by Mr. Dayan through Cougar Sport or otherwise authorized, licensed, or connected to Mr. Dayan or Cougar Sport when it is not.

26. Upon information and belief, the activities of Skirt Sports complained of herein constitute willful and intentional infringement of Mr. Dayan's rights, and were commenced and have continued in spite of Skirt Sport's knowledge that the use of the COUGAR SPORT Trademark, or confusingly similar use, is in direct contravention of Mr. Dayan's rights.

COUNT I
TRADEMARK INFRINGEMENT
15 U.S.C. § 1114

27. Mr. Dayan repeats and realleges the allegations contained in Paragraphs 1 through 26.

28. Skirt Sports' acts have caused or are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the goods offered for sale and sold by Skirt Sports in that purchasers and others are likely to believe that the Infringing Product is

designed, manufactured, advertised, distributed, offered for sale, and sold by Mr. Dayan through Cougar Sport or otherwise authorized, licensed, or connected to Mr. Dayan or Cougar Sport when it is not.

29. On information and belief, Skirt Sports' acts have injured or are likely to injure Mr. Dayan's and, therefore, Cougar Sport's image and reputation with the purchasing public by creating confusion about and dissatisfaction with Mr. Dayan and the goods offered for sale and sold through Cougar Sport.

30. On information and belief, Skirt Sports' acts asserted in this Complaint are a deliberate, intentional, and willful attempt to confuse or deceive purchasers.

31. Skirt Sports' acts constitute infringement of the trademarks in the COUGAR SPORT Registrations in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Skirt Sports' acts irreparably damage Mr. Dayan and, unless enjoined by this Court, will continue to irreparably damage Mr. Dayan. Mr. Dayan has no adequate remedy at law for these wrongs and injuries. Therefore, Mr. Dayan is entitled to, among other things, an order enjoining and restraining Skirt Sports from infringing the marks in the COUGAR SPORT Registrations.

33. The aforesaid and continuing acts of Skirt Sports infringe the marks in the COUGAR SPORT Registrations in violation of 15 U.S.C. § 1114. Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Mr. Dayan and his business, reputation, and goodwill and has caused Mr. Dayan to suffer monetary damages in an amount that has yet to be determined.

## COUNT II
## FALSE DESIGNATIONS OF ORIGIN,

## FALSE DESCRIPTIONS AND REPRESENTATIONS OF FACT
## 15 U.S.C. § 1125(a)

34. Mr. Dayan repeats and realleges the allegations contained in Paragraphs 1 through 26 and 28 through 32.

35. Skirt Sports has used in commerce, and continues to use in commerce, the COUGAR SPORT Trademark, or confusingly similar marks. Such use tends to falsely describe sponsorship, association, or approval by Mr. Dayan of the activities of Skirt Sports.

36. Skirt Sports use of the COUGAR SPORT Trademark, or confusingly similar marks, in the advertising, marketing, offering for sale, and sale of its goods and services constitutes the use in commerce of false descriptions and representations of fact tending to falsely describe or represent Skirt Sports as being authorized, licensed, or connected with Mr. Dayan or Cougar Sport, when they are not.

37. Skirt Sports' acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations of fact, tending to falsely or misleadingly describe or represent its goods as those of Mr. Dayan, which is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. Skirt Sports' acts irreparably damage Mr. Dayan and, unless enjoined by this Court, will continue to irreparably damage Mr. Dayan. Mr. Dayan has no adequate remedy at law for these wrongs and injuries. Therefore, Mr. Dayan is entitled to, among other things, an order enjoining and restraining Skirt Sports from infringing the COUGAR SPORT Trademark.

39. The aforesaid and continuing acts of Skirt Sports infringe the COUGAR SPORT Trademark in violation of 15 U.S.C. § 1125(a). Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Mr. Dayan and his business,

reputation, and goodwill and has caused Mr. Dayan to suffer monetary damages in an amount that has yet to be determined.

## COUNT III
## UNFAIR COMPETITION
## NEW YORK COMMON LAW

40. My. Dayan repeats and realleges the allegations contained in Paragraphs 1 through 26, 28 through 32, and 35 through 38.

41. This claim arises under the common law of the State of New York relating to trademark infringement and unfair competition.

42. As more fully set forth above, the COUGAR SPORT Trademark has gained a secondary meaning as denoting products of excellent quality and value stemming from Mr. Dayan through Cougar Sport.

43. As a result of Skirt Sports' use of the COUGAR SPORT Trademark, the trade, consumers, and purchasing public is likely to believe erroneously that the Infringing Product is designed, manufactured, advertised, distributed, offered for sale, and sold by Mr. Dayan through Cougar Sport or otherwise authorized, licensed, or connected to Mr. Dayan or Cougar Sport.

44. On information and belief, Skirt Sports has intentionally appropriated the COUGAR SPORT Trademark with the intent of causing confusion, mistake, and deception as to Skirt Sports' relationship with Mr. Dayan, and, as such, Skirt Sports has committed trademark infringement and unfair competition under the common law of this State.

45. Skirt Sports' acts irreparably damage Mr. Dayan and, unless enjoined by this Court, will continue to irreparably damage Mr. Dayan. Mr. Dayan has no adequate remedy at law for these wrongs and injuries. Therefore, Mr. Dayan is entitled to, among other things, an order enjoining and restraining Skirt Sports from infringing the COUGAR SPORT Trademark.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Dayan demands judgment against Skirt Sports as follows:

I. That a permanent injunction be issued enjoining and restraining Skirt Sports and their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them from the advertising, marketing, offering for sale, and selling goods under the COUGAR SPORT Trademark, or any confusingly similar marks.

II. Requiring Skirt Sports to pay to Mr. Dayan such actual damages as Mr. Dayan has sustained in consequence of the acts of infringement and unfair competition by Skirt Sports complained of herein, and that any such monetary award be enhanced up to three times pursuant to the provisions of 15 U.S.C. § 1117.

III. Requiring Skirt Sports to account to Mr. Dayan for all profits resulting from Skirt Sports' infringing activities and that such award of profits to Mr. Dayan be increased by the Court as provided for under 15 U.S.C. § 1117.

IV. Ordering that Mr. Dayan recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment and postjudgment interest in this action pursuant to 15 U.S.C. § 1117(a), 28 U.S.C. § 1961(a), and the laws of the State of New York.

V.   Awarding to Mr. Dayan such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Mr. Dayan has incurred in connection with this action.

Dated:   January 12, 2015   Respectfully submitted,
         New York, NY

By: *(signature)*

Chester Rothstein
Marc Jason
Reena Jain
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000
Fax: (212) 336-8001
crothstein@arelaw.com
mjason@arelaw.com
rjain@arelaw.com

ATTORNEYS FOR PLAINTIFF